IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGELIO LOPEZ,

                              Petitioner,                              ORDER

          v.
                                                                      08-cv-408-slc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                              Respondent.

---

    Rogelio Lopez, an inmate at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    Petitioner challenges his custody resulting from his January 29, 1999 conviction in the Kenosha County Circuit Court of first degree intentional homicide while armed with a dangerous weapon, for which he is serving a life sentence.  Dkt. 1.  He alleges that he was denied his constitutional right to effective assistance of counsel because his trial lawyer: 1) failed to call two witnesses at trial; 2) failed to stipulate to the admission of petitioner's blood alcohol level at the time of his arrest, depriving him of a basis for a lesser included offense; and 3) failed to challenge the translation of petitioner's statement to the police as improper.  Petitioner also alleges that he was denied his constitutional right to a fair trial because "there [were] several errors made by the trial court . . . when there was a witness to support" his version of the events.  *Id.*

The petition contains few facts supporting petitioner's claims, especially with regard to his denial of a fair trial. The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2©) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory,* 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996).

Petitioner's fourth claim does not provide enough facts from which to allow this court to conclude that his detention is illegal. Petitioner must articulate the errors that he believes that the trial court committed that resulted in a denial of a fair trial. Therefore, before taking further action, I will provide petitioner an opportunity to supplement his petition with facts that show that his custody is unlawful.

Petitioner should take care to allege only those errors that he challenged on appeal in the state courts. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." *O'Sullivan v. Boerckel*, 526 U.S. 838, 854 (1999) (Stevens, J., dissenting). Under this doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim

2

procedurally barred, or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001).

From court records available electronically, it appears that petitioner properly raised his first and second claims in the state courts. *State v. Lopez*, No. 2005 AP 1472 (Ct. App. Dec. 27, 2006). However, it is unclear whether petitioner properly presented his third and fourth claims in the state courts. *Id.* Accordingly, petitioner should make clear in his supplemental petition whether he alleged in the state courts that 1) his trial counsel was ineffective for failing to challenge the poor translation of his police statement and 2) the trial court committed error (petitioner must specify the error(s)).

If petitioner failed to present his third and fourth claims in the state courts, he will not be allowed to proceed on them unless he can demonstrate 1) cause for the default and actual prejudice from failing to raise the claim as required or 2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). To meet the "cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of any new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1990).

ORDER

IT IS ORDERED THAT petitioner has until August 29, 2008 to supplement his petition with facts that show that his custody is unlawful and evidence showing that he properly raised his third and fourth claims in the state courts or that he meets one of the exceptions for not doing so.

Entered this 6th day of August, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge