IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RUGELIO LOPEZ,

                                                             ORDER

                     Petitioner,

                                             08-cv-408-bbc[1]

     v.

GREGORY GRAMS, Warden,
COLUMBIA CORRECTIONAL
INSTITUTION,[2]

                   Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After Magistrate Judge Stephen L. Crocker filed a report, recommending that the court deny petitioner's Rugelio Lopez's petition for a writ of habeas corpus under 28 U.S.C. § 2254, petitioner filed two documents. The first is entitled Certificate of Appealability, dkt. #36; the second is entitled Memorandum in Support to Preserve the Petitioner Rights to

---

[1] Originally, this case was assigned randomly to United States Magistrate Judge Stephen L. Crocker. Petitioner never consented to having the magistrate judge preside over the case, so it has reverted me for decision.

[2] The magistrate judge's report and recommendation showed respondent Gregory Grams as warden of the Fox Lake Correctional Institution. He is actually the warden at the Columbia Correctional Institution, where petitioner is incarcerated, so I have changed the caption accordingly.

1

Appeals the Petitioner Case to the United States Court of Appeals, dkt. #37. It appears that petitioner does not understand that he has a right to challenge the magistrate judge's recommendation or that he must do so if he wants to take an appeal to the court of appeals. 28 U.S.C. § 636.

Because it appears that petitioner is trying to raise an objection in his Memorandum, I will construe the filing as a general objection to the magistrate judge's finding that petitioner's attorney provided petitioner effective representation at trial. This does not mean, however, that the objection includes petitioner's new allegation of ineffectiveness, which is that his counsel did not go back to look for witnesses in the bar at which petitioner had been drinking before he and his alleged victim and a third man left in petitioner's car. Petitioner never made this allegation in his original petition. There, he contended that his counsel was ineffective because he failed to call two witnesses at trial to testify to the fact that a key witness against petitioner was able to speak English and because counsel did not stipulate to the admissibility of blood alcohol concentration reports.

In addition, I do not construe the Memorandum as including an objection to the magistrate judge's finding that the state courts did not make a mistake when they concluded that statements petitioner made to the police on the night he was arrested were admissible in evidence. Miranda v. Arizona, 384 U.S. 436 (1966). Petitioner makes no reference to this finding in his Memorandum. I conclude from this omission that he has abandoned the

2

challenge.

Petitioner's conviction of first-degree intentional homicide by use of a dangerous weapon grew out of an incident in which Ubaldo Morales was killed by a car belonging to petitioner. The prosecutor proved to a jury that petitioner had deliberately driven his car into a man after quarreling with him. The incident occurred about 2:30 a.m. Petitioner, victim Morales and Juan Medina had been drinking in a Kenosha bar for three and one-half hours. They drove off in petitioner's car with Medina and Morales criticizing petitioner's driving. At some point, the discussion grew so heated that both petitioner and Morales got out of the car. Petitioner returned, drove his car into Morales, then turned the car around and ran him over.

Petitioner and Medina drove off, but petitioner lost control of the car, drove into a ditch and wrecked the car. Medina was able to get out of the car and walked to a nearby house, where he asked to use the telephone. The homeowners reported that he used "rough English," but that they could make out what he was trying to say, which was that there had been an accident and that help was needed.

At trial, petitioner's attorney did not call the homeowners as witnesses to testify that Medina was able to communicate in English and he moved to exclude evidence of petitioner's blood alcohol level. Petitioner's defense at trial was that he had not been the driver of the car.

3

DISCUSSION

As the magistrate judge explained in his report and recommendation, petitioner has failed to show that he qualifies for a writ of habeas corpus. Doing so is not an easy task. A person who thinks the state courts denied him a constitutional right, such as the right to effective counsel, must show, first, not just that his trial counsel could have done a better job for him, but that the representation fell below the minimal level of competence *and* that it caused him prejudice. Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). If he succeeds in making this showing (and few petitioners do), he must prove that the state court was objectively unreasonable when it refused to find that his counsel was constitutionally ineffective. In other words, he must show that the state court decisions were more than just wrong.

In the report and recommendation, the magistrate judge explained throughly and persuasively why the state courts did not err in any respect in finding counsel constitutionally effective and also why they applied Strickland reasonably. Nothing in petitioner's sparse Memorandum supports petitioner's objection to the magistrate judge's report.

Because petitioner has not shown that the magistrate judge was wrong when he found that petitioner was denied the effective assistance of counsel at his trial, his petition for a writ of habeas corpus relief must be denied. With the denial of the motion, it is

4

necessary to decide whether defendant is entitled to a certificate of appealability, as he requests.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a defendant must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Although Rule 11 allows the court to direct the parties to submit arguments on the question of issuing a certificate of appealability, it is unnecessary to do so in this instance. It is evident that no reasonable jurist would believe that defendant's motion has any merit.

ORDER

IT IS ORDERED that the magistrate judge's report and recommendation is ADOPTED and that petitioner Rogelio Lopez's petition for a writ of habeas corpus is

5

DENIED. No certificate of appealability will issue.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge